# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2066

_____

United States of America

*Plaintiff - Appellee*

v.

Randall Allen Herbst

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: September 15, 2025
Filed: December 9, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

After completing a 121-month sentence of imprisonment for attempting to entice a minor to engage in illicit sexual activities in violation of 18 U.S.C. § 2422(b), Randall Herbst began a 10-year term of supervised release. However, Herbst repeatedly violated the conditions of supervised release, resulting in revocation and additional imprisonment. In March 2024, with over half of his term

of supervised release remaining, Herbst moved for early termination under 18 U.S.C. § 3583(e)(1).  The government opposed the motion and after detailing Herbst's crime of conviction and history of non-compliance with the conditions of his supervised release, argued that this history made it "necessary that he remain supervised by the probation office to ensure the safety of the community as well as his compliance with his conditions of supervision."  The district court[1] summarily denied Herbst's motion and his later motion for reconsideration.

Herbst appeals these denials, arguing "there is no further societal, legal, or factual benefit to his continued placement on Supervised Release" and that the district court erred by denying his motion.[2]  After reviewing the record, we conclude the district court did not abuse its discretion.  *See United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013) (standard of review).  On multiple occasions, Herbst has violated the conditions of his supervised release.  For example, in 2019, Herbst went to a playground and took unauthorized pictures of a minor on his cell phone, which violated two separate conditions of his release.  Then, in September 2021, the United States Probation Office found prohibited images on Herbst's cell phone and learned Herbst possessed a cell phone without obtaining prior approval.  And finally, in October 2021, when officers attempted to conduct a routine personal home inspection following a failed Computer Voice Stress Analyzer exam, Herbst "became emotionally elevated and verbally hostile towards [the] officers" and, in violation of the conditions of his release, prevented officers from conducting the home inspection.  Considering Herbst's history of non-compliance with the conditions of his supervised release, we conclude the district court did not abuse its

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Herbst also argues the district court erred by not holding a hearing before denying his motion to terminate his remaining term of supervised release.  But our precedent does not require such a hearing.  *See United States v. Norris*, 62 F.4th 441, 447 (8th Cir. 2023) (rejecting an argument the Federal Rules of Criminal Procedure required a district court to hold a hearing before denying a motion to terminate supervised release).

broad discretion by denying Herbst's motion to terminate supervised release nearly five years before his term was set to conclude. *See* 18 U.S.C. 3583(e)(1) (permitting a district court to terminate a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice"); *Mosby*, 719 F.3d at 930–31.

Accordingly, we affirm the judgment of the district court.

_____